UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAY V. CAPRIO, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>PAUL MICHAEL ASSOCIATES;  and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, RAY V. CAPRIO, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, PAUL MICHAEL ASSOCIATES, (hereinafter "PMA") and JOHN DOES 1-25, collectively (hereinafter "Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1.  Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.  Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. PMA is a foreign business with its office located at 186-09 Union Turnpike, Flushing, New York 11366.

8. Upon information and belief, PMA is primarily in the business of acquiring and/or collecting debts that are allegedly due to another.

9. PMA has attempted to collect a debt allegedly owed by Plaintiff to Mt. Sinai Center for Clinical Laboratories.

10. PMA regularly used the United States Postage Service in its attempts to collect debts due to others.

11. PMA is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

12. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## **CLASS ACTION ALLEGATIONS**

13. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

14. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who received collection letters and/or notices from the Defendants that contained at least one of the alleged violations arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*.

- The Class period begins one year to the filing of this Action.

15. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      a.    Whether the defendants violated various provisions of the FDCPA including but not limited to: Section §§ 1692g(a)(1); 1692f(1); 1692e(2); and 1692e(10);

      b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

> engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

16. On or before September 17, 2010, Plaintiff's account with Mt. Sinai Center for Clinical Laboratories became past due and was in default.

17. Plaintiff's account with Mt. Sinai Center for Clinical Laboratories was used solely for personal use.

18. On or before September 17, 2010, Mt. Sinai Center for Clinical Laboratories placed Plaintiff's account with PMA for the purpose of collection.

19. On or before September 17, 2010, PMA caused to be mailed to Plaintiff a letter attempting to collect the alleged debt.  A copy of said letter is annexed hereto as Exhibit A.

20. Said letter stated, "**BALANCE DUE: $776.00**."

21. Said letter stated in part, "Please be advised that this office represents the above creditor who has turned over your account in the amount indicated above for collection.  This amount is outstanding and past due."

22. Upon receipt Plaintiff read said letter.

23. On May 19, 2011, Plaintiff through his undersigned attorney, disputed the alleged debt and requested verification. A copy of said request is annexed hereto as Exhibit B.

24. On or about June 7, 2011, PMA supplied via facsimile, verification of the alleged debt. A copy of said verification is annexed hereto as Exhibit C.

25. Said verification states, "Balance Due: $476.00."

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692g(a)(5)

26. Plaintiff repeats the allegations contained in paragraphs 1 through 25 as if the same were here set forth at length.

27. Collection letters and/or notices such as those sent by Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

28. Section 1692g et al of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its initial communication with the consumer.

29. Section 1692g(a)(1) of the FDCPA requires the debt collector to:

> "Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing --- the amount of the debt."

30. PMA letter to Plaintiff, dated September 17, 2010 stated the amount of the alleged debt as $776.00.

31. PMA violated Section 1692g(a)(1) of the FDCPA by failing to state the true amount of the debt.

32. By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692g(a)(1) of the FDCPA, statutory damages, costs and attorneys' fees.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692f(1)

33. Plaintiff repeats the allegations contained in paragraphs 1 through 32 as if the same were set forth at length.

34. Section 1692f(1) of the FDCPA sates in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

35. PMA violated §1692f(1) of the FDCPA by making a demand for payment in the amount of $776.00, when the actual and true amount due was only $476.00, and when no such additional charges are expressly authorized by the agreement creating the alleged debt and/or is not permitted by law.

36. By reason thereof, Plaintiff has sustained damages when PMA demanded payment of an amount greater than the principal obligation, which is not expressly authorized by the agreement creating the alleged debt and/or is not permitted by law.

37. By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692f(1) of the FDCPA, statutory damages, costs and

attorneys' fees.

## COUNT III

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692e(2)

38. Plaintiff repeats the allegations contained in paragraphs 1 through 37 as if the same were here set forth at length.

39. Section 1692e(2) of the FDCPA prohibits the debt collector from falsely representing the amount of the alleged debt.

40. PMA violated Section 1692e(2) of the FDCPA by falsely representing in it's letter to Plaintiff dated September 17, 2010, the amount of the alleged debt as $776.00, when in fact the amount of the alleged debt is only $476.00.

41. By reason thereof, Plaintiff has sustained damages when PMA falsely representing in it letter to Plaintiff dated September 17, 2010, the amount of the alleged debt as $776.00, when in fact the amount of the alleged dent is only $476.00.

42. By reason thereof, Defendants are liable to Plaintiff for declaratory judgment in that Defendants' conduct violated Section 1692e(2) of the FDCPA, statutory damages, costs and attorneys' fees.

## COUNT IV

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692e(10)

43. Plaintiff repeats the allegations contained in paragraphs 1 through 42 as if the same were here set forth at length.

44. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

45. PMA violated Section 1692e(10) of the FDCPA by falsely representing in it letter to Plaintiff dated September 17, 2010, the amount of the alleged debt as $776.00, when in fact the amount of the alleged dent is only $476.00.

46. By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692e(10) of the FDCPA, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b) Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c) Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(d) Awarding Plaintiff and the Class statutory damages;

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and costs; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Fairfield, New Jersey
   June 8, 2010

                *s/ Joseph K. Jones*_____
                Joseph K. Jones, Esq. (JJ5509)
                Law Offices of Joseph K. Jones, LLC
                375 Passaic Avenue, Suite 100
                Fairfield, New Jersey 07004
                (973) 227-5900 telephone
                (973) 244-0019 facsimile
                jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                *s/ Joseph K. Jones*_____
                Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

  I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: June 8, 2011

                *s/ Joseph K. Jones*_____
                Joseph K. Jones, Esq.

# Exhibit

# A

# PAUL MICHAEL ASSOCIATES
186-09 Union Turnpike
Flushing, NY 11366
(718)740-1401
New York City Consumer Affairs License #0894190

September 17, 2010

Ray V Caprio  5767850  RE: Mt Sinai Cnt For Clinical Labs*
18 Benedict Cres Ph  **BALANCE DUE** : $776.00
Basking Ridge, NJ 07920-4916  ACCOUNT NUMBER : F0093180

Please be advised that this office represents the above creditor who has turned over your account in the amount indicated above for collection. This amount is outstanding and past due.

Unless you notify our office within thirty (30) days after receipt of this letter that you are disputing the validity of the debt, or any portion of it, we will assume that the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This letter is an attempt by a debt collector, to collect a debt; any information obtained will be used for that purpose.

Very truly yours,

Bob Stone

**MEMBER OF EXPERIAN, TRANS-UNION AND EQUIFAX**

In order to credit your account properly, you must return this bottom portion with your payment.
Please forward your check or money order made payable to PAUL MICHAEL ASSOCIATES.
Please send **ALL** payments directly to PAUL MICHAEL ASSOCIATES.

186-09 Union Turnpike
Flushing, NY 11366
Return Service Requested

RE: Mt Sinai Cnt For Clinical Labs*
**Total Due :** $776.00
Acct #: F0093180
☐ Visa  ☐ MC  ☐ AmEx  ☐ Disc  Security Code: _____
Card #: __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __
Exp Date: ___/___/___  Pmt Amt: $_____
Print Name on card: _____
Signature: _____

PERSONAL & CONFIDENTIAL
Ray V Caprio  5767850
18 Benedict Cres Ph
Basking Ridge, NJ 07920-4916

PAUL MICHAEL ASSOCIATES
186-09 Union Turnpike
Flushing, NY 11366-1733

PM1 000140P 1 477 000071 260 065600 Z-CRE  September 17, 2010 | PM1

# Exhibit

# B

*Law Offices of*

# Joseph K. Jones, LLC
Attorney at Law

---

| | | |
|---|---|---|
| 375 Passaic Avenue<br>Suite 100<br>Fairfield, New Jersey 07004<br>973-227-5900<br>facsimile 973-244-0019<br>jkj@legaljones.com | <u>Admitted to Practice</u><br>New York<br>New Jersey<br>United States District Court, Eastern District of New York<br>United States District Court, Southern District of New York<br>United States District Court, New Jersey<br>Connecticut | 110 Wall Street<br>11th Floor<br>New York, NY 10005<br>212-709-8301 |

May 19, 2011

<u>Via Facsimile (718) 740-1414, Certified 7010 1670 0001 8337 4017, and First Class Mail</u>
Paul Michael Associates
186-09 Union Turnpike
Flushing, NY 11366

Re: Ray V. Caprio
    Creditor: Mt Sinai Cnt for Clinical Labs*
    Account No.: F0093180

To Whom It May Concern:

This firm has been retained to represent the interest of Ray V. Caprio, relative to the above-referenced matter.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Mr. Caprio.

As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor. Kindly forward all such information to our <u>New Jersey</u> office.

Your anticipated cooperation in this matter is appreciated.

Very truly yours,
LAW OFFICES OF JOSEPH K. JONES, LLC

Joseph K. Jones
Attorney at Law

JKJ: dp
cc: Ray Caprio

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X [signature] ☐ Agent ☐ Addressee<br>B. Received by ( *Printed Name*)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Paul Michael Associates<br>186-09 Union Turnpike<br>Flushing, NY 11366 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7010 1670 0001 8337 4017 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage  $ .44
Certified Fee  2.85
Return Receipt Fee (Endorsement Required)  2.30
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees  $ 5.59

Postmark: FAIRFIELD BR CALDWELL NJ, MAY 19 2011

Sent To: Paul Michael Associates
Street, or PO: 186-09 Union Turnpike
City, S: Flushing, NY 11366

\* \* \* Communication Result Report ( May. 19. 2011 12:12PM ) \* \* \*

Date/Time: May. 19. 2011 12:11PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 4856 | Memory TX | 17187401414 | P. 1 | OK | |

Reason for error
 E. 1) Hang up or line fail
 E. 3) No answer
 E. 5) Exceeded max. E-mail size
 E. 2) Busy
 E. 4) No facsimile connection

---

**Law Offices of**
## Joseph K. Jones, LLC
### Attorney at Law

375 Passaic Avenue
Suite 100
Fairfield, New Jersey 07004
973-227-5900
facsimile 973-244-0019
jkj@legaljones.com

Admitted to Practice
New York
New Jersey
United States District Court, Eastern District of New York
United States District Court, Southern District of New York
United States District Court, New Jersey
Connecticut

110 Wall Street
11th Floor
New York, NY 10005
212-709-8301

May 19, 2011

Via Facsimile (718) 740-1414, Certified 7010 1670 0001 8337 4017, and First Class Mail
Paul Michael Associates
186-09 Union Turnpike
Flushing, NY 11366

Re: Ray V. Caprio
Creditor: Mt Sinai Cnt for Clinical Labs*
Account No.: F0093180

To Whom It May Concern:

This firm has been retained to represent the interest of Ray V. Caprio, relative to the above-referenced matter.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Mr. Caprio.

As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor. Kindly forward all such information to our New Jersey office.

Your anticipated cooperation in this matter is appreciated.

Very truly yours,
LAW OFFICES OF JOSEPH K. JONES, LLC

Joseph K. Jones
Attorney at Law

JKJ: dp
cc: Ray Caprio

# Exhibit C

## Paul Michael Associates

186-09 Union Turnpike • Flushing, NY 11366

Phone: (718) 740-140' • Fax: (718) 740-1414

# Fax

PERSONAL & CONFIDENTIAL

To: Joseph K. Jones, ESQ.　　From: Steve Rose

Fax: 973-244-0019　　Pages: 2 (including this cover sheet)

Phone: 973-227-5800　　Date: 6-2-11

Subject: Your Client: Roy V. Coprio

☐ Urgent　☐ For Review　☐ Please Comment　☐ Please Reply　☐ Please Recycle

**Comments:**

As per your letter dated 5-19-11, enclosed is a copy of bill dated 6-9-09 for services rendered.

This is an attempt by a debt collector to collect a debt. Any information obtained will be used for that purpose.

This message is intended only for the use of the person to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message at the above address via the U.S. Postal Service. Thank you.

**Mount Sinai Center for Clinical Laboratories**

P.O. Box 27759
New York, NY 10087-7759
Billing Phone: (212) 241-2905
Tax ID: 13-1624086

Please refer to this account number on all correspondence

**STATEMENT OF SERVICES**

| Account Number | Statement Date | Diagnosis |
|---|---|---|
| SUF0093180-2 | 05/24/2011 | 070.54 |

| Patient Name | Requesting Physician |
|---|---|
| RAY V CAPRIO | DR. DOUGLAS DIETERICH |

**Account Notes**

THIS IS AN ITEMIZED STATEMENT OF YOUR ACCOUNT

Guarantor

CAPRIO, RAY V
18 BENEDICT CRESCENT
PH
BASKING RIDGE, NJ 07920

| Date | Description | CPT Code | Units | Amount |
|---|---|---|---|---|
| 06/09/09 | CMP | 80053 | 1 | 73.00 |
| 06/09/09 | LIPID PANEL | 80061 | 1 | 70.00 |
| 06/09/09 | BLOOD AMYLASE | 82150 | 1 | 40.00 |
| 06/09/09 | BLOOD GAMMA GTP | 82977 | 1 | 20.00 |
| 06/09/09 | BLOOD LDH | 83615 | 1 | 20.00 |
| 06/09/09 | BLOOD MAGNESIUM | 83735 | 1 | 45.00 |
| 06/09/09 | BLOOD PHOSPHORUS | 84100 | 1 | 20.00 |
| 06/09/09 | CBC+PLT+DIFF | 85025 | 1 | 38.00 |
| 06/09/09 | HEPTIMAX HCV, RNA | 87522 | 1 | 150.00 |

We will gladly bill your insurance directly. Please note that you are responsible for all co-pays and deductibles. Please provide your insurance information on the reverse side of the payment stub and return it in the enclosed envelope or call (212) 241-2905.

**Balance Due:** $ 476.00
Please pay this amount

Retain this part for your records

---

Account Number: SUF0093180-2
Patient Name: RAY V CAPRIO
Balance Due: $ 476.00

Please make payment to: Mount Sinai Center for Clinical Labs
P.O. Box 27759
New York, NY 10087-7759

- Payment is due upon receipt, thank you.
- Please write your Account Number on your check.
- Please place this side face up in the return envelope.

Please detach and return this stub with payment

You may pay this statement with your credit card. Complete the information and return this payment stub. Or call us at (212) 241-2905 to pay by phone.

Circle One: VISA [MasterCard] [Discover]     Exp. Date: __/__

3 or 4 digit Security Code

CARDHOLDER NAME (PLEASE PRINT)

X_____   $ _____
CARDHOLDER SIGNATURE       AMOUNT PAID